793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GARY ALLEN BENNETT, Petitioner-Appellee,
v.
UNITED STATES PAROLE COMMISSION AND WARDEN, Respondents-Appellants.
 86-5404
 United States Court of Appeals, Sixth Circuit.
 5/14/86
 
 APPEAL DISMISSED
 W.D.Tenn.
 ORDER
 BEFORE: KENNEDY, MILBURN and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court for consideration of appellant's motion for a stay of a preliminary order of the district court pending disposition of the direct appeal of the final order entered in that same case. Appellee has filed a response to the motion. A single judge of this Court has already granted a temporary stay pending consideration of the motion by a three judge panel.
 
 
 2
 On March 28, 1985, appellee filed a petition for a writ of habeas corpus based upon his allegation that appellant was erroneously calculating the date of his release on parole contrary to the provisions of his plea bargain agreement. After an evidentiary hearing, the district court entered a memorandum and order on November 5, 1985, in which it found substance in appellee's petition and directed appellant Commission to conduct a new hearing for purposes of establishing the correct parole release date. That hearing was held during the week of December 9, 1985, and resulted in a decision on December 27, 1985, that appellee would be eligible for parole on April 11, 1986. Four days later on December 31, 1985, appellant filed a notice of appeal from the order of November 5, 1985. It did not, however, subsequently take an appeal from the district court's final judgment dismissing appellee's petition for a writ of habeas corpus rendered on January 9, 1986. Finally, on April 11, 1986, appellant filed the motion for stay of the November 5, 1985, order now before the Court.
 
 
 3
 Without addressing the motion on its merits, we must deny the motion for a stay for the reason that the appeal is now moot. Roe v. Wade, 410 U.S. 113 (1973). First, a stay of that order at this point would no longer be effective to delay its enforcement as it merely directed appellant to conduct a new hearing and render a new decision as to the proper date of appellee's parole. Both those actions were taken and completed by December 27, 1985.
 
 
 4
 Furthermore, appellant's motion for stay requested relief from the district court's order of November 5, 1985, '. . . pending appeal of the final judgment entered in this case on January 9, 1986.' A review of the docket sheet of the district court indicates that no notice of appeal from the January 9, 1986, judgment has been filed and that the time for taking such an action has expired. Rule 4(a)(1), Federal Rules of Appellate Procedure. As a result, the controversy underlying the motion for stay has ceased, thereby rendering appellant's motion moot.
 
 
 5
 It is ORDERED that the application for stay be and hereby is denied, and the temporary stay granted on April 10, 1986 be dissolved. It is further ORDERED that the appeal be and hereby is dismissed.